United States District Court
Eastern District of North Carolina
Western Division

Case No. 5:16-CT-3177

(To be filled out by Clerk's Office only)

**FILED**
JUL 18 2016
JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

James Gary Moskos
_____

Inmate Number 0818022

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Officers: James Hardee, Butler,
Unknown #1, Reese Locklear,
Administrator: James McRae and
Lumberton Correctional institution et, AL

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

# COMPLAINT
(*Pro Se* Prisoner)

Jury Demand?
☒ Yes
☐ No

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

- [x] 42 U.S.C. § 1983 (state, county, or municipal defendants)

- [ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

- [ ] Action under Federal Tort Claims Act (federal defendants)

## II. PLAINTIFF INFORMATION

James Gary Moskos
Name

0818022
Prisoner ID #

Lanesboro C.I.
Place of Detention

P.O. Box 280
Institutional Address

Polkton          NC          28135
City             State       Zip Code

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

- [ ] Pretrial detainee  [ ] State  [ ] Federal
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: **James Hardee**
Name

**Correctional Officer**
Current Job Title

**Lumberton Correctional Institution #4365, P.O. Box 1649**
Current Work Address

**Lumberton**     **NC**     **28359**
City     State     Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both


Defendant 2: **Butler**
Name

**Correctional Officer**
Current Job Title

**Lumberton Correctional Institution #4365, P.O. Box 1649**
Current Work Address

**Lumberton**     **NC**     **28359**
City     State     Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

**Defendant(s) Continued**

Defendant 3: __Unknown #1__
Name

__Presently Unknown__
Current Job Title

__Lumberton Correctional institution #4365, P.O. Box 1649__
Current Work Address

__Lumberton__  __NC__  __28359__
City  State  Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both


Defendant 4: __Reese Locklear__
Name

__Presently unknown / Officer-in-charge__
Current Job Title

__Lumberton Correctional institution #4365, P.O. Box 1649__
Current Work Address

__Lumberton__  __NC__  __28359__
City  State  Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

Defendant 5: __James McRae__
Name

__Administrator__
Current Job title

__Lumberton Correctional institution #4365, P.O. Box 1649__
Current work Address

__Lumberton__  __NC__  __28359__
City  State  Zip code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

Defendant 6: __Lumberton Correctional institution et, AL #4365__
__P.O. Box 1649, Lumberton, NC 28359__

Capacity in which being sued: ☐ Individual ☒ Official ☐ Both

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Lumberton Correctional Institution #4365

Date(s) of occurrence: 8/2/13 – 8/23/13

State which of your federal constitutional or federal statutory rights have been violated:

8th Amendment United States Constitution

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

> Who did what to you?

(1) Approximately Late march, 2013, The Plaintiff was admitted and housed at Lumberton Correctional Institution #4365, E-Dorm, Wing(#4). Since then the water fountains in wings (#3/4) did not operate correctly by only providing very warm water. On 8/2/13, This particular day exceeded 100 degrees outside and the inmate Dorms have no Air Conditioning. Due to the water fountain issues prior to the following Altercation, other Correctional officers' knowledge of this were Allowing the inmates housed in wings (#3/4) to take their water bottles to wings (#1/2) to retrieve cold water from their water fountain only. The water cooler for wings (#3/4) was located outside of the wings in the corridor in front of main control. This water cooler was empty and not in use prior to the following Altercation. (2). Approximately 9:15pm, The Plaintiff approached Defendant, Officer James Hardee in the corridor in front of main Control holding his water bottle and asked him politely stating " Can I get some cold water from wing(#1) water fountain?". (3). Defendant, Officer James Hardee responded stating " No, you

**What happened to you?**

can not get any cold water". The plaintiff then explained the previous said water fountain problems to him and he responded stating "He did not care". (4). The plaintiff responded stating "I'm going to file a grievance." Defendant, Officer James Hardee became agitated and hostile towards the plaintiff yelling at him stating "Go ahead and write it up, your still not getting any cold water". (5). The plaintiff proceeded to main control and spoke to Defendant, Officer Butler about the prior above said water fountain issues and asked for a grievance. Defendant, Officer Butler resolved the matter by allowing the plaintiff to fill the water cooler up with ice and water for the plaintiff and inmates in wings (#3/4).

**When did it happen to you?**

(6). The plaintiff proceeded to retrieve the water cooler at main control and was approached by Defendant, Officer James Hardee yelling at him stating "Put the water cooler down, I told you your not getting any cold water". The Plaintiff responded stating "Ms. Butler told me I can fill the water cooler up for our wing". (7). Defendant, Officer James Hardee responded stating "I don't care, put the water cooler down and give me your ID". The plaintiff responded stating "How would you like it with no cold water when its 100 plus degrees in here?". (8). Defendant, Officer James Hardee responded stating "I don't care, give me your ID". The plaintiff responded stating "Its in my locker" and put the water cooler down the proceeded to wing (#4) to retrieve his ID.

**Where did it happen to you?**

(9) The plaintiff was about to enter wing (#4) when he was struck from behind in the back of his head by Defendant, Officer James Hardee who was yelling at him stating "I said give me your ID". (10). In self defense, the plaintiff swung widely to counter-block the assault not knowing it was Defendant, Officer James Hardee and he fell to the floor. (11). Defendant, Officer James Hardee proceeded to grab and punch

> **What was your injury?**

The Plaintiff in his Lower body Areas. The Plaintiff side stepped out of his way. (12) Approximately 9:30 pm Defendant, Officer Unknown #1 described as a white male, approximate Height: 5'10, Weight: Over 200lbs with Reddish/Blonde hair, mustache, Glasses entered E-Dorms Corridor and approached the Plaintiff spraying him with MACE and struck the Plaintiff over the top Left side of his head with the Mace can (see exhibit A pgs 1 thru 3, Southeastern Regional medical center Emergency Room Records). (13) The Plaintiff briefly Lost Consciousness from the blow to his head causing him to fall to the floor landing hard on his right shoulder and into Defendant, Officer James Hardee. (14) Defendant, Officer James Hardee proceeded to punch the plaintiff multiple times in his head, neck and upper body areas while Defendant, Officer Unknown #1 proceeded to kick the plaintiff multiple times in his mid-Lower body areas. (15) Defendant, Officer Reese Locklear entered E-Dorms Corridor and stepped in place of Defendant, Officer Unknown #1 and Continued to Kick the plaintiff multiple times in his mid-Lower body areas while he was not resisting. (16) Defendant, Officer Unknown #1 placed his foot on the Plaintiff's head pinning his head to the floor. (17) The plaintiff began to yell at the foregoing (3) said Defendants, officers stating "I can not Breath, Stop Beating me". (18) Defendant, Officer Reese Locklear Forced the Plaintiff's hands and arms behind his back causing him excruciating pain in his right Shoulder. (19) The plaintiff yelled out to Defendant, officer Reese Locklear stating "My shoulder is injured, Stop Forcing my hands behind my back, I have a metal plate inside my shoulder". (20) Defendant, officer Reese Locklear Continued to Force the plaintiff's hands and arms behind his back

(See Attached)

## V. Statement of Claim

Attachment Continued:                    (1)

Placing handcuffs on him. (21). Defendant, Officer Butler witnessed the abusive, misuse and excessive use of force (hit in the head with the mace can) committed by the foregoing said defendants, officers and failed to intervene to prevent injury owed to the Plaintiff. (22). Inmate Glenn Smith and other inmates witnessed the abusive, misuse and excessive use of force (hit in the head with the mace can) committed by the (3) said Defendants, Officers against the plaintiff stated in this complaint. (23). The plaintiff was escorted by Defendant, Officer Reese Locklear, Defendant, Officer Unknown #1 and was forced to walk approximately 1 block to the Segregation Unit after sustaining his injuries. (24). Within the Segregation Unit, Pictures were taken of the plaintiff's face/head only, by Defendant, Officer Reese Locklear and afterwards he was placed in a holding cell in the middle of the Unit for approximately 1 hour without being able to shower to wash the mace off. (25). Approximately 10:50 pm, The plaintiff was escorted to the Shower Room to wash the mace off that was located next to the holding cell and afterwards was escorted to main medical to be evaluated for his injuries. (26) At main medical, The Nurse felt the plaintiff needed Emergency treatment for his injuries outside of Lumberton Correctional Institution #4365 and ordered him to be transported to Southeastern Regional Medical Center Emergency Room, P.O. Box 1408, Lumberton, NC 28359. (See exhibit A pgs 1 thru 3, Southeastern Regional Medical Center Emergency Room Records)

# V. Statement of Claim

Attachment continued: (2)

(27). The plaintiff was placed in a wheel chair and escorted by officer, McCormick, a Black male, from main medical to a van outside of the prison then transported to the above said hospital. (28) The plaintiff and officers arrived at Southeastern Regional medical Center Emergency Room approximately 11:35 pm. The plaintiff was placed in a wheel chair and escorted by officer, McCormick from the van to the receptionist inside the Emergency Room department. (29) Officer, McCormick stated to the receptionist that the plaintiff was "Hit in the Head with a mace can". (See exhibit A page (1), Southeastern Regional medical Center Emergency Room Record). (30). At the conclusion of the Emergency Room visit at Southeastern Regional medical Center, It was determined that the plaintiff suffered from an Assault/Battery. His injuries consisted of (1) A Head injury, swollen bruised areas noted leftside of head, a cat-scan ordered. (2) Neck pain (3) Right Shoulder pain. (See exhibit A pgs 1 thru 3, Southeastern Regional medical Center Emergency Room Records). The plaintiff was discharged from the above said hospital on 8/3/13, approximately 2:15 AM. (31) Upon Returning to Lumberton Correctional Institution #4365, within the segregation unit, The plaintiff was forced to strip naked, sleep in a cold filthy cell on a bare metal bunk with no mattress, pillow, sheets, blanket, running water, toilet paper, soap, hygiene and personal property. In addition The plain[...]ve for

## V. Statement of Claim

Attachment Continued :            (3)

Approximately 10 days straight, (see exhibit D, N.C.D.P.S Administrative Remedy Procedure, I.G.R.B), (32) Defendant, Administrator James McRae stated "I have No Knowledge of you being hit with a pepper spray can" within the Plaintiff's Grievance response. (see exhibit C, Administrative Remedy Procedure, I.G.R.B). (33) Defendant, Lumberton Correctional Institution #4365 is a public entity subjected to Federal (ADA) Laws and had an obligated duty owed to the Plaintiff and inmates with disabilities (see exhibit B, Social Security Administration, Retirement, Survivors and disability insurance), and Discriminated against the plaintiff while he was housed in The Segregation Unit by denying him a clean cell with heat, Running water, Toilet paper, Soap, Hygiene, Mattress, Pillow, sheets, Blanket, Clothing, Hygiene and personal property that violated his protected Services under the Federal (ADA) Laws and United States Constitution. (34) The Plaintiff is currently suffering from ongoing chronic physical and emotional injuries as a direct result of the actions committed by the said Defendants against the plaintiff stated in this complaint. He is currently being treated within the N.C.D.P.S Prison system for his chronic physical injuries consisting of migraine headaches, Neck, Right Shoulder, Back pain and chronic emotional injuries consisting of emotional Distress, Mental Anguish, PTSD, Nightmares/Sweats, Depression, Weight Loss, Appetite Loss, That contributed to effect his relationship with his wife, Which ulti

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint? ☒ Yes ☐ No
  If no, explain why not:

Is the grievance process completed? ☒ Yes ☐ No
  If no, explain why not:

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

(1) Award injunction relief against Lumberton Correctional Institution #4365 and the N.C.D.P.S. Division of Prisons ordering its "customs" and "code of silence" to the said above violations of abusive, misuse and excessive use of force, discrimination and cruel mistreatment against disabled adults to be seized, by ensuring it through an independent Government body oversight to enforce N.C.D.P.S state official polices in connection with NC state law statutes and Federal Constitutional Rights to prevent future violations.

(See Attached)

# VII. Relief

Attachment Continued: (1)

(2). Award Compensatory damages in the following amounts, $50,000 each against defendants, James Hardee, Butler, Unknown #1, Reese Locklear and James McRae for the physical and emotional injuries sustained as a result of the Plaintiff's assault/battery, on-going injuries which contributed to the loss of his wife. $5,000,000 against Lumberton Correctional Institution #4365 for the Discrimination and cruel mistreatment of a disabled adult while housed in Segregation Unit which contributed to his ongoing injuries and the loss of his wife.

(3). Award Punitive damages in the following amounts, $20,000 each against defendants, James Hardee, Butler, Unknown #1, Reese Locklear, and James McRae.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?   ☒ Yes   ☐ No

If yes, how many?   1

Number each different lawsuit below and include the following:
- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

James Gary Moskos and Maria F.H. Moskos (plaintiffs) v. Christopher Peedin, Tom Effler and Craig Edwins (Defendants) No. 5:14-CV-406-BO. Excessive Force (wrongfully shot) (see exhibit E, Wayne Memorial Hospital, Goldsboro, NC 27534). Dismissed on 8/25/14, under 28 U.S.C § 1915A, by United States District Judge: Terrence W. Boyle. The Plaintiff filed a motion for leave to amend complaint after the statutes of limitations period and it was denied on April 5th, 2016 by United States District Judge: Terrence W. Boyle. This plaintiff is not a lawyer and is his first time in prison. He has limited knowledge of the laws without a law library and was denied help by N.C.P.L.S. He is a qualified disabled adult under the Federal (ADA) and has suffered immensely by the actions committed against the plaintiff. He had paid the required $400 filing fee in the pursue of Justice and was denied by United States District Judge: Terrence W. Boyle. This plaintiff feels Judge Terrence W. Boyle was prejudicial and biased against him in favor of the Defendants who were Law enforcement officers. Therefore he requests his case to be reviewed by a different Judge.

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

7/12/16
Dated

Plaintiff's Signature: James Gary Moskos

Printed Name: James Gary Moskos

Prison Identification #: # 0818022

Prison Address: Lanesboro C.I., P.O. Box 280, Polkton, NC 28135

To Whom it may concern; The Plaintiff has No Access to make copies in the prison. If the courts would grant me a copy of the filed 42 U.S.C. § 1983 paperwork and exhibits, they can add the costs to my Filing Fee to be deducted From my Prisoner Account. Thank you For your Help in regards to this matter. Sincerely, James Gary Moskos